[State v. Johns.]

# State *v.* Johns.

### *Habeas Corpus Proceedings.*

1. *Indictment; insufficiency of charge of adultery.*—An indictment
   which charges that the defendant, "a man did live with  *  *
   *  *  *  * a woman, against the peace and dignity of the
   State of Alabama," charges no offense against the laws of this
   State.

APPEAL from Order of Probate Judge of Clay County.
Heard before the Hon. F. J. INGRAM.

The facts of the case are sufficiently stated in the opin-
ion.

No counsel marked as appearing for appellee.

MASSEY WILSON, Attorney-General, for the State.

TYSON, J.—The appeal in this case is by the solicitor
from an order of the judge of probate discharging the
petitioner on writ of *habeas corpus,* on the ground that
the indictment for which the warrant for his arrest was
issued charges no offense known to the law.

The indictment and warrant are both shown in the
return of the sheriff in answer to the mandate issued
upon the petition.

The indictment simply charges that the petitioner, a
man, did live with Mollie Sorrell, a woman, against the
peace and dignity of the State of Alabama. Clearly, no
offense against the law is here charged.

"A court can punish for no act except what is made
criminal by law; it has no power to punish for some-
thing unknown to the law. It has jurisdiction to try
and punish only certain offenses, and those must be
made criminal by law. If an indictment shows no of-
fense, there is no criminality shown, and there is nothing
of which a court can take jurisdiction. And if a court

[Law v. The State.]

have no jurisdiction its action is void—a condition
which is the very object of *habeas corpus* to cure.   Void-
able informalities or irregularities are not reached by it,
but fatal jurisdictional defects are ever within its range,
either before or after indictment, and even after convic-
tion and judgment.—Note 1 to § 245 in Church on Ha-
beas Corpus; 15 Am. & Eng. Ency. Law, (2d ed.) 200.
   Affirmed.

   McCLELLAN, C.J., SIMPSON and ANDERSON, J.J., con-
curring.