Defendant appeals from an order entered by the Circuit Court of the Tenth Judicial Circuit of Alabama, Jefferson County, declaring as void a previous order dated October 31, 1977. We affirm.
The parties to this appeal were divorced in 1970, and later entered into an agreement concerning child support payments, insurance, and payment of certain debts. After a hearing the circuit court entered an order on July 13, 1977 (hereinafter referred to as the "July order"), pertinent portions of which found defendant, Johnny T. Carnes, in arrears in child support payments and in default on payment of a certain debt which defendant had agreed to pay. The order also increased the amount of future child support payments.
Defendant filed a motion for new trial on July 28, 1977. Relevant portions of that motion, i.e. paragraphs number six and number seven, and exhibits attached thereto, tended to show that defendant's income was somewhat less than the amount stated in the July order, and that the amount of the debt which defendant had agreed to pay was less than the amount stated as outstanding in the July order.
Ninety-five days after defendant's motion for new trial had been filed, the court, without ordering a new trial or a rehearing, entered an order (dated October 31, 1977, and hereinafter referred to as the "October order") modifying and in substitution for the July order. The new amounts in the October order found to be owed by defendant represented a recalculation of the previously stated amounts based on the exhibits submitted with defendant's motion for new trial.
Following the October order defendant again moved for a new trial. On December 16, 1977 plaintiff filed a motion to strike defendant's second motion for new trial and also to strike the October order. On December 22, 1977 plaintiff petitioned the court for a rule nisi directing defendant to show cause why he should not be held in contempt of court for failure to abide by the July order. On January 4, 1978 the court entered an order (hereinafter referred to as the "January order") which denied defendant's second motion for new trial and which, in effect, reaffirmed the October order. Plaintiff's motion to strike was never ruled on.
Finally, on June 28, 1978, during a hearing on plaintiff's petition for a rule nisi, the court entered an order (hereinafter referred to as the "June order") declaring that "the order dated October 31, 1977, amending or further modifying the Court's prior Order of July 31, 1977, be and the same is hereby declared a nullity and of no force or effect." The June order was based on ARCP 59.1 which provides in part:
 No post-trial motion filed pursuant to Rules 50, 52 or 59 shall remain pending in the trial court for more than 90 days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate *Page 983 
court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to dispose of any pending post-trial motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.
On appeal defendant argues that the court erred in entering the June order which voided the October order. Defendant contends that paragraphs number six and number seven in his motion filed July 28, 1978 — which was styled "Motion for New trial" — were valid grounds for a motion under ARCP 60 (b)(6), and that those portions of his motion should be treated as a Rule 60 (b) motion, thereby removing the motion from the strictures of Rule 59.1 and thus validating the October order. Defendant further contends that paragraphs number six and number seven may be properly viewed as grounds for a motion under ARCP 60 (a), and that the October order was merely a correction of the July order which caused the July order "to speak the entire truth from the record," citing Mickle v.Mickle, Ala., 334 So.2d 900 (1976).
We believe these contentions are without merit and that the June order properly declared the October order void. It is abundantly clear from this record that the court failed to act on defendant's motion for new trial within ninety days of said motion's filing, and that defendant failed to obtain an extension of that time limit by securing either consent of all parties to the action or an extension granted by the appellate court. Under these circumstances defendant's motion for new trial was deemed denied at the expiration of the ninety day period, ARCP 59.1; and any order issued thereafter by the court was void and of no force or effect. See Sparks Construction Co.v. General Mutual Insurance Co., Ala., 334 So.2d 897 (1976).
After the expiration of that ninety day period defendant had several alternatives. He could have appealed from that denial of his motion, or he could have filed a motion under ARCP 60. However, he chose not to pursue these remedies.
The Alabama Rules of Civil Procedure state that motions "shall state with particularity the grounds therefor, and shallset forth the relief or order sought." ARCP 7 (b)(1) (emphasis supplied). The relief sought in defendant's motion of July 28, 1977 was a rehearing and a stay of the July order pending that rehearing. It does not appear either from that motion or from the entire record in this case that defendant intended the motion to be a motion for relief from judgment until this appeal was filed.
Defendant now attempts to escape the consequences of Rule 59.1 by asking this court to treat portions of his motion for new trial as a motion for relief from judgment under ARCP 60 (b)(6) which provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment.
Our cases hold that a Rule 60 (b) motion cannot be used to extend the time for appeal. Personnel Board for Mobile Countyv. Bronstein, Ala.Civ.App., 354 So.2d 8 (1977), cert. den Ala.,354 So.2d 12 (1978); State v. Wall, Ala., 348 So.2d 482 (1977). Similarly, we do not believe that defendant should be allowed to argue now for the first time that his motion for new trial was in reality a Rule 60 (b) motion simply to avoid the applicability of Rule 59.1. While our Rules of Civil Procedure contemplate a liberal construction of pleadings and motions, we do not think they envision the kind of construction defendant now urges.
Defendant argues that Rule 59.1 should be limited to those cases wherein a party improperly attempts to extend the time for filing notice of appeal, and that courts should be "particularly alert to the possibility that Rule 59.1 philosophy may find its way into Rule 60 and destroy to a large extent that rule." However, Rule *Page 984 
59.1 by its terms is not so limited, and our assent to defendant's contention that his motion for new trial should be treated as a Rule 60 (b) motion would, in effect, allow Rule 60 to destroy to a large extent Rule 59.1.
Nor do we think ARCP 60 (a) is applicable to the case at bar. That rule deals solely with the correction of clerical errors. Errors of a more substantial nature, such as that involved in this case, are to be corrected by a motion under Rules 59 (e) or 60 (b). A Rule 60 (a) motion cannot be used to make the record or judgment say something other than what was originally pronounced. See ARCP 60 and committee comments thereto.
Lastly, defendant contends that during the June 28, 1978 hearing on plaintiff's petition for rule nisi, plaintiff orally
raised the issue of the validity of the October order, rather than properly raising the issue in written motion with service and notice to defendant as required by Rule 5, ARCP. Defendant further argues that the January order — which, in effect, upheld the October order — constituted an implicit denial of plaintiff's earlier written motion to strike, and thus plaintiff was estopped from interposing the issue of the validity of the October order during the June hearing. We disagree.
 The Alabama Supreme Court said in McDonald v. Lyle, 270 Ala. 715, 121 So.2d 885 (1960):
 Where it appears on the face of the record that a judgment is void, either from want of jurisdiction of the subject matter or of the defendant, it is the duty of the court, on application by a party having rights and interests immediately involved, to vacate the judgment or decree at any time subsequent to its rendition. [Citations omitted.]
See also, Burks v. Zeanah, 54 Ala. App. 55, 304 So.2d 610
(1974). That plaintiff's rights and interests were immediately affected by the October order is beyond question.
We think that plaintiff's oral motion properly raised the issue of the validity of the October order. The Alabama Rules of Civil Procedure provide that an application to the court for an order shall be by written motion, unless made during ahearing or trial. ARCP 7 (b)(1).
Plaintiff had filed a written motion to strike the October order more than six months prior to the June hearing. Plaintiff's petition for a rule nisi requested that the court order defendant to show cause why he should not be held in contempt of court for his disobedience to the July order. The petition made no reference to the October order. Under these circumstances defendant had adequate notice of plaintiff's contention that the October order was void.
Moreover, the June order states that the court heard and considered arguments by both parties on this issue prior to rendering its decision. Because the validity of the October order was a crucial issue in determining whether defendant should be held in contempt of court, the court acted properly in determining that issue.
There being no reversible error, this case is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.
 On Rehearing
In the brief filed in support of an application for rehearing, counsel for appellant suggests that we made an incorrect statement of fact in our original opinion. This alleged error concerns the statement indicating that the parties to this appeal were divorced in 1970 and later entered into an agreement concerning child support, insurance, and payment of certain debts. We add the following statements to our original opinion in substitution for this statement.
The parties to this appeal were divorced by a final decree dated April 27, 1970. Incorporated into and attached as apart of that decree was an agreement between the parties dated April 22, 1970. This agreement, drawn in contemplation of the pending divorce action, concerned child custody, child support, visitation rights, property rights pertaining to the parties' home, household furnishings and motor vehicles, *Page 985 
hospitalization insurance for the child, and attorney's fees for the wife.
In the court's order filed on July 13, 1977, in the petition to modify filed by the wife on May 16, 1977, and in the original brief filed by appellant in this appeal, reference is made to another agreement between these parties. This latter agreement was apparently reached either at the time of the final decree of divorce or shortly thereafter, and apparently involved matters relating to insurance and to the payment of certain debts. However, this agreement is not set forth in the record of this cause and the exact terms of this agreement have not been made known to this court.
OPINION CORRECTED.
APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P.J., and HOLMES, J., concur.