EDWARD N. SCRUGGS, Retired Circuit Judge.
After the divorce, the wife’s post-judgment motion was overruled by the trial court, and she appeals.
By their pleadings, each party sought the exclusive ownership of their jointly owned home. Following an ore tenus trial before the circuit court, the divorce judgment was rendered on October 12, 1979. The wife was granted custody of the three minor children and the home was ordered sold.
On October 22, 1979 the wife filed the following motion, which is the pivotal motion on appeal and which shall hereinafter be referred to as the October motion:
*39 MOTION TO RECONSIDER AND CORRECT PROPOSED DECREE HEREIN
The Plaintiff in this case moves this court to alter the proposed decree which it has indicated it will render in this case and respectfully requests the court to change said intended decree in the following manner:
1. The Plaintiff requests] the court to allow she and her three minor children to inhabit the homestead and she agrees to make the payments thereon, it being her intention to move back into the homestead when the repairs have been finished which are presently being made. She respectfully asks this court to set that homestead apart to her and the children in order that they might live there, instead of ordering the same sold.
In 1980 on the following dates the following matters occurred:
(1) January 25 — The trial court overruled the October motion.
(2) March 25 — The wife filed a motion to set aside the January 25 order nunc pro tunc.
(3) March 27 — The trial court granted the wife’s motion of March 25 and set aside the January 25 order nunc pro tunc.
(4) April 18 — The trial court overruled the wife’s October motion.
(5) May 29 — The wife gave notice of appeal from the October 12, 1979 judgment of divorce and from the April 18, 1980 order.
Because of the great expiration of time since the perfection of the appeal, we hasten to add that this controversy was not submitted for our decision until September 2, 1981.
Generally, appeals must be taken within forty-two days of the date of the entry of the judgment or order appealed from. However, a post-trial motion filed pursuant to A.R.C.P. rule 59 suspends the running of the time for filing a notice of appeal until forty-two days after the entry of the order granting or denying such motion. If the motion is denied because of its pendency in the trial court for more than ninety days, the time for filing a notice of appeal is computed from the date the motion is denied by the provisions of A.R.C.P. rule 59.1. A.R.A.P. rule 4(a).
The October motion was clearly intended to be a pre-judgment motion; but was not filed until ten days after the final judgment had been rendered and entered. At most, the October motion is either a motion for a new trial or a motion to alter or amend the divorce judgment under rule 59. It was overruled or denied by operation of law under rule 59.1 no later than January 22. The appeal should have been perfected on or before March 4. The orders of the trial court which overruled the wife’s motion after January 22 are nullities. Coosa Marble Co. v. Whetstone, 294 Ala. 408, 318 So.2d 271 (1975); Carnes v. Carnes, 365 So.2d 981 (Ala.Civ.App. 1978), cert. denied, 365 So.2d 985 (Ala. 1979). Thus, the appeal was taken too late.
The October motion is not an A.R. C.P. rule 60(b) motion. It is not based upon nor does it allege any of the grounds therein stated which authorize relief from a final judgment. In any event, there was no abuse of discretion in overruling the motion. Ingram v. WAAY Television, 394 So.2d 65 (Ala.Civ.App. 1981).
Out of deference to earnest counsel for the wife, we note that, regardless of the label which is placed upon the October motion, it was not error for the trial court to overrule it. Also, on the merits of the case, the record before this court does not authorize a reversal under the well-known rules of review and the prevailing presumption as to cases heard personally by the trial court. Coffelt v. Coffelt, 390 So.2d 652 (Ala.Civ. App. 1980).
Since, at best, the October motion was a rule 59 motion, the appeal was not timely and must, accordingly, be dismissed. A.R. A.P. rule 2(a)(1).
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18 — 10(e), Code 1975, and this *40 opinion is hereby adopted as that of the court.
APPEAL DISMISSED.
All the judges concur.