EDWARD N. SCRUGGS, Retired Circuit Judge.
The defendant’s appeal is from a judgment of the trial court which granted the plaintiff’s motion for a judgment notwithstanding the verdict.
The pertinent chronological facts were:
February 10, 1982 — The jury returned its verdict for the plaintiff for $1.
February 12,1982 — The plaintiff filed his A.R.Civ.P. rule 50(b) motion for a judgment notwithstanding the verdict, or, in the alternative, for a new trial under rule 59.
June 10, 1982 — The trial court granted the plaintiff’s rule 50(b) motion.
Rule 59.1 is here controlling, the provisions thereof being as follows:
“No post-trial motion filed pursuant to Ryles 50, 52 or 59 shall remain pending in the trial court for more than 90 days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to dispose of any pending post-trial motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.”
The record does not disclose the requisite express consent of the parties to extend the ninety day limit imposed by that rule. Here, the ninetieth day of the pendency of the motion was on May 12, 1982. Therefore, the plaintiff’s motion was denied by operation of rule 59.1. Upon the passage of the ninetieth day and, thereafter, no valid judgment of the trial court could be rendered relative to that motion. The June 10, 1982 judgment of the respected and learned trial court was a nullity. Coosa Marble Co. v. Whetstone, 294 Ala. 408, 318 So.2d 271 (1975); Crenshaw v. Crenshaw, 405 So.2d 38 (Ala.Civ.App.1981).
We are required to enter a reversal and to set aside that June 10, 1982 judgment of the circuit court in this cause. Gordon v. Halstead, 283 Ala. 578, 219 So.2d 629 (1969); Ala.Code § 12-22-70 (1975).
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND RENDERED.
All the Judges concur.