This appeal follows the overruling of Mrs. Leathers's motion to set aside a certain judgment as being void. *Page 811 
The facts, in chronological order, which are essential for a determination of this matter are as follows:
February 1, 1980. The parties were divorced. Thereby, their separation agreement was ratified and approved by the circuit court. Custody of the four minor children of the parties was granted to the mother, and the father was ordered to pay child support in an amount which was dependent upon certain contingencies.
November 1981. The parties by their separate pleadings sought relief, clarification, and modification as to the child support provisions of the divorce judgment.
July 12, 1982. The trial court entered a judgment following an ore tenus trial. It altered and made more precise some of the child support provisions of the divorce judgment.
July 15, 1982. The father filed an application for a rehearing under rule 59 (a) of the Alabama Rules of Civil Procedure.
October 22, 1982. The trial court partially granted the father's petition for a rehearing and amended the child support provisions of the 1980 and July 1982 judgments.
June 16, 1983. The mother filed her rule 60 (b)(4) motion that the October 22, 1982, judgment be set aside as being void. She contended that the judgment was invalid since the father's application for a rehearing had been overruled by rule 59.1 after the expiration of ninety days from July 15, 1982, and, as a result thereof, the trial court was without power to render the October 22, 1982, judgment. The circuit court overruled her motion and the mother appealed.
The denial of a rule 60 (b) motion is a final judgment and it is appealable. Terry v. Frisbee, 404 So.2d 345 (Ala.Civ.App.),cert. denied, 404 So.2d 347 (Ala. 1981); Welch v. G.F.C. CreditCorp., 336 So.2d 1346 (Ala.Civ.App. 1976). While the October 22, 1982, judgment might well have been just, fair, and equitable, only the correctness of the overruling of the 60 (b) motion by the trial court is now before this court and may be here considered. Raine v. First Western Bank, 362 So.2d 846
(Ala. 1978); Boles v. Hooper McDonald, Inc., 424 So.2d 634
(Ala.Civ.App. 1982).
The wife's motion of June 16, 1983, was clearly a rule 60 (b)(4) motion to set aside an allegedly void judgment. With regard to such a motion, a trial court does not exercise the normal judicial discretion which it ordinarily possesses and exercises in ruling upon other rule 60 (b) motions since a judgment must be set aside if it is void and a judgment must be allowed to stand if it is valid. Accordingly, the primary question before this court is whether the October 22, 1982, judgment of the trial court was void. Wonder v. SouthboundRecords, Inc., 364 So.2d 1173 (Ala. 1978); Graham v. UniversityCredit Union, 411 So.2d 144 (Ala.Civ.App. 1982).
As to those provisions which are here pertinent, rule 59.1 states, in substance, that a trial court's failure to dispose of any pending post-trial motion within ninety days from its filing shall constitute a denial of the motion as of the expiration of that ninety-day period. The father's application for a rehearing was filed on July 15, 1982. The ninetieth day of the pendency of the motion fell on October 13, 1982, and, consequently, the father's application for a rehearing was denied by operation of rule 59.1 at the end of that ninetieth day. After October 13, 1982, the trial court could not render a valid judgment which either granted or denied that motion, and the October 22, 1982, judgment as entered by the honored, respected, and learned trial court was void, a nullity, and had no force or effect. Coosa Marble Co. v. Whetstone, 294 Ala. 408, 318 So.2d 271 (1975); Nelson v. Leonard, 423 So.2d 254
(Ala.Civ.App. 1982); Crenshaw v. Crenshaw, 405 So.2d 38
(Ala.Civ.App. 1981); Carnes v. Carnes, 365 So.2d 981
(Ala.Civ.App. 1978), cert. denied, 365 So.2d 985 (Ala. 1979).
When a motion is denied by rule 59.1, it is overruled for all purposes by operation of law and not by the trial court. The 59.1 overruling of motions is not a matter that *Page 812 
leaves any remainder within the breast of the trial court.
After a motion is overruled by operation of the rule, the trial court, under normal circumstances, may not set aside, alter, or amend that automatic overruling either upon its own initiative under rule 59 (d) or because of the filing of a rule 59 (e) motion seeking such relief.
Here, the October 22, 1982, ruling of the trial court was void because of a lack of jurisdiction over the subject matter and was not waivable by the parties. Rule 12 (h)(3), A.R.C.P.
Since the trial court should have granted the wife's rule 60 (b)(4) motion, we are required to reverse and remand this case.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.