This case involves a post-divorce amendment of a September 27, 1985 divorce judgment.
Paragraph numbered 13 of that judgment provided for an award to the wife of $1,500.00, which was stated therein to be one-half of all monies in the husband's credit union account. The husband timely moved that the judgment be amended so as to reduce the award from $1,500.00 to $1,028.34, which was, in actuality, one-half of the amount contained in his credit union account. On October 16, 1985, the trial court ordered, "The credit union proceeds are to be equally divided between the parties."
On December 4, 1985, the wife filed her motion to amend the divorce judgment nunc pro tunc. She alleged that the parties received a $3,000.00 tax refund for the year 1984 and that paragraph 13 of the divorce judgment awarded her $1,500.00, which represented one-half of the money in the credit union account. She further alleged that this was a clerical error and that the $1,500.00 was her one-half of the income tax refund.
On December 16, 1985, the trial court granted the wife's motion and amended paragraph 13 of the divorce judgment so as to award to the wife a judgment in the amount of $1,500.00, which amount represented one-half of the income tax refund for the year 1984. The husband timely appealed from that judgment and argues that the trial court erred in modifying the divorce judgment as to a division of the property of the parties after more than thirty days had expired between the entry of the divorce judgment and the filing of the wife's motion.
On the other hand, able counsel for the wife argues that his motion fell within the clerical mistake doctrine of Rule 60 (a), which includes mistakes committed by the trial court, and that the trial court must have relied upon facts gained at the divorce trial in deciding to grant her motion and in amending paragraph 13 of the divorce judgment.
In Carnes v. Carnes, 365 So.2d 981 (Ala.Civ.App. 1978), cert.denied, 365 So.2d 985 (Ala. 1979), a divorce judgment was rendered in 1970, and the husband was found on July 13, 1977, to be in arrears in child support payments. An increase in the amount of future child support payments was ordered. The husband filed a motion for a new trial, contending that his income was less than the amount stated in the July order. In October 1977, ninety-five days after the husband filed his motion, the trial court entered an order which was substituted for the July order. The new amounts found therein to be owed by the husband represented a recalculation of the previously stated amounts and were based upon facts contained in his motion. In June 1978, the trial court declared the October 1977 order to have been a nullity. On appeal, the husband argued that the trial court erred in entering that June 1978 order. In discussing the validity of the October 1977 judgment, one of the holdings on appeal was as follows:
 "Nor do we think ARCP 60 (a) is applicable to the case at bar. That rule deals solely with the correction of clerical errors. Errors of a more substantial nature, such as that involved in this case, are to be corrected by a motion under Rules 59 (e) or 60 (b). A Rule 60 (a) motion cannot be used to make the record or judgment say something other than what was originally pronounced. See ARCP 60 and committee comments thereto." *Page 251 
Carnes, 365 So.2d at 984; See also 11 C. Wright and A. Miller,Federal Practice and Procedure § 2854 at 149 (1973).
Here, the original pronouncement of the September 1985 judgment in paragraph 13 was an award of one-half of the credit union account to the wife, which was ascertained to be $1,500.00 and which was corrected in October 1985. The December 1985 amendment to the September 1985 divorce judgment amended paragraph 13 so as to make it exclusively pertain to a $1,500.00 tax refund. Thus the December judgment said something that was not originally pronounced and, on that account, was outside the relief which may be granted under Rule 60 (a).Carnes, supra. The right to amend a judgment so as to correct a clerical error does not authorize the trial court to render a different judgment. Great Atlantic and Pacific Tea Company v.Sealy, 374 So.2d 877, 883 (Ala. 1979).
Also, again as in Carnes, the change here made by the trial court was of such a substantial nature that Rule 60 (a) would not apply. Any such amendment or correction as was sought by the wife would have to be effected through a motion to alter the divorce judgment under Rule 59 (e) or by a Rule 60 (b) motion. Carnes, supra. Since the wife's motion was filed more than thirty days after the entry of the divorce judgment, relief could not have been granted under Rule 59 (e). There is no contention that the wife's motion was a Rule 60 (b) motion.
For the foregoing reasons, the learned trial court erred in rendering the judgment of December 16, 1985 in this cause, and we must reverse and remand this matter for the entry of a judgment in accordance with this opinion.
The appellee's request for attorney fees on appeal is denied.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
REVERSED AND REMANDED.
All the Judges concur.