This is a workmen's compensation case.
After a contested trial the circuit court rendered a judgment on July 19, 1985 which awarded workmen's compensation benefits to the employee upon an express finding that the employee suffered a five percent decreased earning capacity due to a trauma-related neurosis. The employee filed a motion on August 16, 1985 to amend the judgment or to grant a new trial (employee's original motion). That motion was set for a hearing on August 30, 1985, but a continuance thereof was granted at the employer's request. On October 17, 1985 an order was rendered which reset the hearing on the employee's original motion on December 9, 1985. After hearing the arguments of counsel for both parties and after reexamining the previous trial evidence, the circuit court filed its judgment on January 15, 1986 which amended and modified the July 19, 1985 final judgment so as to raise the amount of workmen's compensation benefits to the employee based upon an amended finding that the employee suffered a twenty percent loss of ability to earn due to his injury. The employer promptly moved to vacate that January 15, 1986 judgment on the ground that the employee's original motion was filed on August 16, 1985 and that it was overruled by operation of Rule 59.1, Alabama Rules of Civil Procedure, on or about November 16, 1985. On March 12, 1986 the trial court reinstated the July 19, 1985 final judgment and set aside its order of January 15, 1986 as being null and void since it was entered more than ninety days after the filing of the employee's motion. The employee timely appealed after the trial court on July 3, 1986 overruled his new motion for relief from the March 12, 1986 judgment. The trial court in that latest order expressly held and ruled that the employee's original motion of August 16, 1985 was a Rule 59 motion rather than a Rule 60 motion both in form and substance and that it was overruled by operation of Rule 59.1.
We have been favored with helpful briefs by able counsel for each side. The parties are properly in agreement that the decisive issue herein is whether the employee's original motion was a Rule 59 or a Rule 60 motion.
The major aspects, premises, or grounds of the employee's original motion of August 16, 1985 are as follows:
 "MOTION TO AMEND JUDGMENT OR GRANT A NEW TRIAL
"INTRODUCTION
 "Comes now the Plaintiff in the above referenced matter and moves this Court to amend its Judgment dated July 19, 1985 in this matter on the grounds that the Judgment is not supported by evidence of record, is contrary to relevant judicial precedent, results in a harsh and unjustified deprivation of Plaintiff's legal entitlements to compensation and medical benefits under the Alabama Workmen's Compensation Law, and is not responsive *Page 1145 
to the issues raised here. The Plaintiff respectfully submits the following in support of this matter:
 "I. The Court's finding that 'there is no evidence of a permanent physical impairment to explain his symptoms' is contrary to the unrefuted testimony of medical and lay witnesses:
". . . .
 "II. The Court's finding that Plaintiff is 'limited only by not being able to do jobs which shake or put weight on his neck' is contrary to the evidence.
". . . .
 "III. The Court's finding that because 'the Plaintiff is suffering from a neurosis developing out of the trauma of the original accident, resulting in disability to the body as a whole,' he is entitled to compensation and medical costs of treating that condition is consistent with relevant judicial precedent.
". . . .
 "IV. It is universally recognized that an injured employee does not lose entitlements to compensation for established disabilities simply because — due to necessity for income and/or sheer determination — he works to the extent and under conditions possible and thereby produces some revenue. To hold otherwise, would penalize Plaintiff for exemplary effort." (emphasis omitted)
Following each of the above four major contentions, the employee argued the trial facts and the law which he deemed to be applicable thereto. He sought to alter or amend the final judgment of July 19, 1985 so that it would award more workmen's compensation to him.
The motion was not within the perimeter of Rule 60. It was not based upon any of the stated grounds of Rule 60 which authorize relief from a final judgment. Motions are required to state with particularity the grounds therefor and the relief sought. Rule 7(b)(1), A.R.Civ.P. The employee's original motion sought to amend the judgment of July, 19, 1985 on the above-quoted grounds. It does not appear either from that motion or from the entire record in this case that the employee intended that his original motion be a motion for relief from judgment under Rule 60. We cannot now assent to the employee's contention that his original motion should be treated as a Rule 60 motion. To do so would largely destroy Rule 59.1. Carnes v.Carnes, 365 So.2d 981 (Ala.Civ.App. 1978), cert. denied,365 So.2d 985 (Ala. 1979).
The ground as stated in the employee's original motion and the relief which was therein sought clearly fall within the ambits of Rule 59, especially Rule 59(e).
In short, we agree with the learned trial court that the employee's original motion was a Rule 59 motion.
If a trial court fails to dispose of any pending Rule 59 motion within ninety days from its filing, the motion is automatically overruled by operation of Rule 59.1 upon the expiration of that ninety-day period unless the record discloses that the motion was thereafter pending with the express consent of all of the parties or unless the time for a ruling thereon was duly extended by the appropriate appellate court. There was no such consent or extension in this case.
Here, the employee's original Rule 59 motion had been overruled by operation of Rule 59.1 on November 14, 1985, the ninetieth day that it was pending. Olson v. Olson,367 So.2d 504 (Ala.Civ.App. 1979). Therefore, the trial court was without any authority, without subject matter jurisdiction, after November 14, 1985, to render any valid judgment upon the employee's original motion. The trial court's order as entered on January 15, 1986, which amended the July 19, 1985 final judgment, was void, a nullity, and had no force and effect.Leathers v. Gover, 447 So.2d 810 (Ala.Civ.App. 1984), and the cases therein cited. Since the January 15, 1986 judgment was void because of a lack of jurisdiction over the subject matter, the employer did not waive any challenge of that judgment for such lack of subject matter jurisdiction by either its participation in the hearing on the employee's original motion or by not raising *Page 1146 
the issue at that hearing. The lack of subject matter jurisdiction is not waivable and may be raised at any time by the suggestion of a party or by a court ex mero motu.Leathers, 447 So.2d at 812; Rule 12(h)(3), A.R.Civ.P.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.