The appellant, Ricky Lawrence Moore, was charged by an Alabama Uniform Traffic Ticket and Complaint with driving or being in actual physical control of a vehicle while under the influence of alcohol. Apparently without any adjudication, the district court ordered this cause transferred to the circuit court, pursuant to Moore's request for a trial by jury. Thereafter, a jury found Moore guilty of driving under the influence, and he was sentenced to two weeks' imprisonment, his license was suspended, and he was fined $500 plus costs.
Moore contends that, absent an adjudication by the district court, the circuit court had no appellate jurisdiction. Contrary to the attorney general's assertion, we consider this to be a question of whether the circuit court had subject matter jurisdiction to hear Moore's case. "Jurisdiction of the subject matter in a criminal case is the power to hear and determine cases of the general class to which the particular case before the court belong." 22 C.J.S. Criminal Law § 149 (1989) (footnote omitted). "In respect of subject-matter, the court acquires jurisdiction by the act of its creation; it is inherent in the constitution of the court." Wolff v. McGaugh,175 Ala. 299, 303, 57 So. 754, 755 (1911) (quoted in City ofDothan v. Holloway, 501 So.2d 1136, 1137 (Ala. 1986)). It is clear that the district court has exclusive original jurisdiction of any misdemeanor traffic infraction, except those prosecuted in municipal court, Wright v. State,494 So.2d 177, 178-79 (Ala.Cr.App. 1986). Moore's conviction in the circuit court must be reversed because the circuit court never had jurisdiction.[1] *Page 54 
"[I]f a court ha[s] no jurisdiction, its action is void."State v. Johns, 142 Ala. 61, 38 So. 755, 755 (1905) (quoting Church, Church On Habeas Corpus, § 245, n. 1).
Accordingly, the judgment of the circuit court is reversed and this cause is remanded to the circuit court for that court to remand the cause to the district court for further proceedings.
REVERSED AND REMANDED.
All the Judges concur.
[1] This issue has not been raised before. However, "a defendant can not be deemed to have waived an objection that the trial court does not have jurisdiction of the subject matter." Cityof Dothan v. Holloway, 501 So.2d 1136 (Ala. 1986). In stating this principle, the Holloway court cited as one of its authorities A.R.Cr.P. Temp. 16.2 (now Rule 15.2, A.R.Cr.P.). Section (d) of this rule states, in part, "The lack of subject matter jurisdiction or the failure of the charge to state an offense may be raised by the court or by motion of the defendant at any time during the pendency of the proceeding." In discussing this rule in regard to failure to charge an offense, our supreme court stated, in Ex parte Harper,594 So.2d 1181 (Ala. 1991), that the phrase "pendency of the proceeding" refers only to the proceeding in the trial court and that, accordingly, the defendant must object to failure of the indictment to state a charge during the proceeding in the trial court. We choose to follow the long-established rule expounded in Holloway until the supreme court applies theHarper interpretation of Temp. Rule 16.2 specifically to an objection to lack of subject matter jurisdiction. *Page 55 
[EDITORS' NOTE: CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 56 
[EDITORS' NOTE: CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 57 
[EDITORS' NOTE: CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 58 
[EDITORS' NOTE: CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 59 
[EDITORS' NOTE: CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 60 
[EDITORS' NOTE: CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 61 
[EDITORS' NOTE: CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 62 
[EDITORS' NOTE: CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 63 
[EDITORS' NOTE: CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 64 
[EDITORS' NOTE: CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 65 
[EDITORS' NOTE: CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 66 
[EDITORS' NOTE: CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 67 
[EDITORS' NOTE: CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 68 
[EDITORS' NOTE: CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 69 
[EDITORS' NOTE: CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 70 
[EDITORS' NOTE: CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 71 
[EDITORS' NOTE: CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 72 
[EDITORS' NOTE: CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 423