The appellant, David Hamilton, was indicted by the fall 2000 Escambia County grand jury for misdemeanor driving under the influence of alcohol. In March 2001, the prosecutor moved to amend the indictment to charge felony driving under the influence because Hamilton had three prior convictions for driving under the influence. Hamilton consented to the amendment, and the circuit court granted the State's motion to amend. However, the second indictment contained another individual's name. In March 2001, the State moved to amend the second indictment to state Hamilton's name. Over Hamilton's objection, the circuit court granted the State's motion to amend the second indictment. Hamilton was subsequently convicted of felony DUI in the Circuit Court for Escambia County. Hamilton filed a notice of appeal. The State has filed a motion in this Court asking us to vacate the circuit court's judgment of conviction because, it says, the circuit court did not have subject-matter jurisdiction of the case. The State has also moved that we *Page 959 
dismiss this appeal. We granted Hamilton 14 days to respond to the State's motion.
The State asserts that Hamilton's conviction is void because (1) he was convicted of an offense for which he was never indicted; (2) his conviction is based on a void indictment; and (3) the circuit court judge had no jurisdiction to enter the judgment. The State contends that a void judgment cannot support an appeal. The first indictment read as follows:
 "David Hamilton, alias David Michael Hamilton, whose name to the Grand Jury is otherwise unknown, did drive or was in actual physical control of a vehicle upon a public roadway in Escambia County, Alabama, to wit: Highway 31 South, while he was under the influence of alcohol, in violation of Section 32-5A-191(a)(1) of the Code of Alabama against the peace and dignity of the State of Alabama."
This indictment clearly tracked the language of § 32-5A-191(a)(1), which defines the offense of misdemeanor driving under the influence. With Hamilton's consent, the circuit court amended the indictment to charge felony DUI. The second indictment read:
 "Timothy Wayne Powers, whose name to the Grand Jury is otherwise unknown, having been convicted of driving under the influence of alcohol three times, did drive or was in actual physical control of a vehicle upon a public roadway in Escambia County, Alabama, to wit: Highway 31 South, while he was under the influence of alcohol, in violation of Section 32-5A-191(a)(2) of the Code of Alabama against the peace and dignity of the State of Alabama."
This second indictment was amended, over Hamilton's objection, to change the name to "David Hamilton."
The first indictment charged a misdemeanor offense and vested jurisdiction of the case in the district court. Section 12-11-30, Ala. Code 1975, delineates the jurisdiction of a circuit court and provides, in part:
 "The circuit court shall have exclusive original jurisdiction of all felony prosecutions and of misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge; except, that the district court shall have concurrent jurisdiction with the circuit court to receive pleas of guilty in felony cases not punishable by sentence of death."
"In Blevins v. State, 747 So.2d 914 (Ala.Crim.App. 1998), this Court held that a circuit court has no jurisdiction when an indictment alleges only a misdemeanor; rather `the district court has exclusive original jurisdiction of misdemeanor prosecutions for traffic infractions even when an indictment has been returned (except ordinance infractions prosecuted in municipal court).'" Dutton v. State, 807 So.2d 596, 598
(Ala.Crim.App. 2001). The circuit court had no jurisdiction to act on the indictment. All action in the circuit court was void for lack of subject-matter jurisdiction.
Hamilton argues that he consented to the first amendment and that, therefore, it was valid. However, he contends that the subsequent amendment, made over his objection, renders the second indictment void. Although, Hamilton consented to the amendment, a defendant cannot consent to waive a jurisdictional defect in the proceedings against him. "The lack of subject matter jurisdiction is not waivable and may be raised at any time by the suggestion of a party or by a court ex mero motu." Grecov. Thyssen Mining Constr., Inc., 500 So.2d 1143, 1146 *Page 960 
(Ala.Civ.App. 1986). "The lack of subject matter jurisdiction or the failure of the charge to state an offense may be raised by the court or by motion of the defendant at any time during the pendency of the proceeding." Rule 15.2(d), Ala.R.Crim.P.
Neither may a party consent to amend an indictment to an offense that is not included in the indictment. Rule 13.5, Ala.R.Crim.P., states:
 "(a) Amendment of Charge. A charge may be amended by order of the court with the consent of the defendant in all cases, except to change the offense or to charge new offenses not contemplated by the original indictment. The court may permit a charge to be amended without the defendant's consent, at any time before verdict or finding, if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced."
(Emphasis added.) An indictment includes all lesser-included offenses and may be amended to charge a lesser offense. However, an indictment may not be amended, even with the consent of a defendant, to charge a greater or different offense. See Rule 13.5, Ala.R.Crim.P. "An indictment can not be amended to charge an offense that was not encompassed in the original indictment." Hall v. State, 655 So.2d 51 (Ala.Crim.App. 1995).
Here, the circuit court had no jurisdiction to rule on any motion concerning the misdemeanor indictment, much less, to amend the indictment to charge a greater offense. For the reasons, stated above, all action in the circuit court is hereby set aside and held for naught. "`[I]f a court ha[s] no jurisdiction, its action is void.'" Moore v. State, 596 So.2d 53,54 (Ala.Crim.App. 1991), quoting State v. Johns, 142 Ala. 61, 38 So. 755,755 (1905).
However, the original indictment returned against Hamilton was not void — it charged the misdemeanor offense of driving under the influence of alcohol. There is a valid indictment still in force against Hamilton.[1] This indictment vested jurisdiction of the case in the district court. The void proceedings in circuit court did not affect the validity of the misdemeanor indictment.
"Because the trial court's actions were void, there is no judgment to support an appeal." Carpenter v. State, 782 So.2d 848, 850
(Ala.Crim.App. 2000), citing McKinney v. State, 549 So.2d 166, 168
(Ala.Crim.App. 1989). Therefore, this appeal is due to be, and is hereby, dismissed.
JUDGMENT OF CIRCUIT COURT VACATED; APPEAL DISMISSED.
McMillan, P.J., and Cobb, Baschab, and Wise, JJ., concur.
Shaw, J., concurs in the result.
[1] We have stated that, "`It is essential to constitute jeopardy that the court in which the accused is put upon his trial shall have jurisdiction. If it is without jurisdiction, there can be no valid conviction, and hence there is no jeopardy.'" Cox v. State, 585 So.2d 182,192 (Ala.Crim.App. 1991), cert. denied, 503 U.S. 987 (1992), quoting Coxv. State, 462 So.2d 1047, 1051 (Ala.Crim.App. 1985).