The appellant, Robert Donald Duck, Jr., appeals from the circuit court's dismissal of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his June 1996 guilty-plea conviction for possession of marijuana in the first degree, driving under the influence, and his resulting sentence of three years' imprisonment. No direct appeal was taken from these convictions.
On December 30, 2005, Duck filed this, his first, Rule 32 petition, in which he alleged: (1) that the trial court was without jurisdiction to render judgment or to impose judgment because, he says, the trial court improperly amended the indictment from second-degree unlawful possession of marijuana to first-degree possession of marijuana and (2) that he was given no notice that his sentence would be enhanced. Duck requested that the trial court vacate his conviction and that it be expunged in its entirety. On February 6, 2006, the State filed a motion to dismiss, arguing that Duck's claims were without merit. On February 10, 2006, the trial court issued an order dismissing Duck's petition. This appeal followed.
The State does not contest Duck's allegations and it concedes that the order dismissing his petition must be reversed and the case remanded on the authority of Ex parte Cole,842 So.2d 605 (Ala. 2002), and Hamilton v. State,828 So.2d 957 (Ala.Crim.App. 2002). Rule 13.5(a), Ala.R.Crim.P., states, in pertinent part:
 "A charge may be amended by order of the court with the consent of the defendant in all cases, except to change the offense or to charge new offenses not contemplated by the original indictment. The court may permit a charge to be amended without the defendant's consent, at any time before verdict or finding, if no additional or different offense is charged and if the substantial rights of the defendant are not prejudiced."
(Emphasis added.) Moreover, "an indictment may not be amended, even with the consent of a defendant, to charge agreater or different offense." Hamilton v.State, 828 So.2d at 960 (emphasis added).
Duck's indictment for unlawful possession of marijuana in the second degree (a Class A misdemeanor), his explanation-of-rights form, and his plea agreement are included in the record on appeal. Although the record shows that Duck, pursuant to a plea agreement with the State, pleaded guilty to the amended charge of *Page 436 
first-degree unlawful possession of marijuana (a Class C felony) without objection, the circuit court did not have jurisdiction to accept Duck's plea to an offense not contemplated in the original indictment, and its dismissal of his Rule 32 petition was in error. Toliver v. State,881 So.2d 1070 (Ala.Crim.App. 2003).
Based on the foregoing, we reverse the judgment of the Elmore Circuit Court dismissing Duck's Rule 32 petition and we remand this cause for that court to vacate Duck's felony conviction for unlawful possession of marijuana in the first degree.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.