996 So.2d 208 (2008)
L.R.G.
v.
STATE of Alabama.
CR-07-0424.
Court of Criminal Appeals of Alabama.
May 30, 2008.
Fletcher D. Green, Clanton, for appellant.
Troy King, atty. gen., and John M. Porter, asst. atty. gen., for appellee.
WELCH, Judge.
L.R.G. appeals from the juvenile court's order transferring him from the Coosa Juvenile Court to the criminal division of the Coosa District Court, where L.R.G. would be prosecuted as an adult on a *209 charge of assault in the second degree, a violation of § 13A-6-21, Ala.Code 1975.
The matter came before the juvenile court when a delinquency petition was filed against L.R.G. on June 13, 2007. The petition alleged:
The said child is delinquent in that in Coosa County, Alabama, on or about 05162007, [L.R.G.] did, with intent to cause serious physical injury to another person, cause serious physical injury to Peco Bowers by striking him several times, in the head, with a wooden stick/plank, causing head injuries in violation of 13a-6-21 of the Code of Alabama, against the peace and Dignity of the State of Alabama.
(R. 41.)
The charge filed by the State alleged that L.R.G. had violated § 13A-6-21(a)(1) Ala.Code 1975, which provides:
"(a) A person commits the crime of assault in the second degree if the person does any of the following:
"(1) With intent to cause serious physical injury to another person, he or she causes serious physical injury to any person.
Assault in the second degree is a Class C felony. § 13A-6-21(b).
The State filed a petition to have L.R.G.'s case transferred to the district court for criminal prosecution as an adult. A hearing was held on the matter, after which the juvenile court granted the petition. This appeal followed.
On appeal, the State contends that the juvenile court did not have jurisdiction over L.R.G.; therefore, it says, the transfer order is void. We agree.
Section 12-15-34.1 provides, in pertinent part:
"(a) Notwithstanding any other provision of law, any person who has attained the age of 16 years at the time of the conduct charged and who is charged with the commission of any act or conduct, which if committed by an adult would constitute any of the following, shall not be subject to the jurisdiction of juvenile court but shall be charged, arrested, and tried as an adult:
"....
"(4) A felony which has as an element thereof the causing of death or serious physical injury."
The Code Commissioner's notes accompanying § 12-15-34.1 read, in pertinent part:
"As to the intent of the Legislature concerning the enactment of this section, see Act 2000-214, HJR188, which resolves as follows:
"`BE IT RESOLVED BY THE LEGISLATURE OF ALABAMA, BOTH HOUSES THEREOF CONCURRING, That, in passing Act 94-481, it was the intent of the Legislature to bar the persons therein described from all of the benefits, rights, privileges, and protections of the rules relating to juvenile justice and the juvenile justice system and to require that they be treated as adults for all purposes when they are lawfully arrested, whether pursuant to an arrest warrant or otherwise, or are otherwise accused or charged with any of the crimes set out in the act.'"
The offense occurred on May 16, 2007. The record shows that L.R.G.'s birthday was May 28, 1990. Therefore, he was 16 years oldjust 12 days shy of his 17th birthdaywhen the incident occurred.
Because L.R.G. was 16 years old when he allegedly committed the offense that resulted in a charge of assault in the second degree pursuant to § 13A-6-21(a)(1) Ala.Code 1975, a felony offense that has as an element the causing of serious physical *210 injury, he was not subject to the jurisdiction of the juvenile court. § 12-15-34.1.
"`[I]f a court ha[s] no jurisdiction, its action is void.'" Moore v. State, 596 So.2d 53, 54 (Ala.Crim.App.1991), quoting State v. Johns, 142 Ala. 61, 38 So. 755, 755 (1905), quoting in turn Church, Church On Habeas Corpus, § 245, n. 1. Because the trial court's actions were void, there is no judgment to support an appeal. McKinney v. State, 549 So.2d 166, 168 (Ala.Crim. App.1989). Accordingly, this appeal must be dismissed, and L.R.G. is subject to adult criminal prosecution.
APPEAL DISMISSED.
BASCHAB, P.J., and McMILLAN, SHAW, and WISE, JJ., concur.