In January 2008, Waymon George Peterson filed a Rule 32, Ala. R.Crim. P., petition, challenging his conviction for assaulting a public-safety official and the resulting sentence. On June 23, 2008, the circuit court denied Peterson's Rule 32 petition. On July 2, 2008, Peterson filed a notice of appeal to the Court of Criminal Appeals. On July 7, 2008, the circuit court withdrew its order denying Peterson's Rule 32 petition and entered an order granting Peterson's Rule 32 petition and ordering a new trial. On September 16, 2008, the Court of Criminal Appeals dismissed Peterson's appeal as moot.Peterson v. State (No. CR-07-1940, September 16, 2008),
The materials before us indicate that Peterson, however, did not receive a new trial. Instead, the circuit court, in light of a motion to reconsider the July 7, 2008, order filed by the City of Dothan on September 9, 2008, ordered an evidentiary hearing on the grounds asserted in Peterson's Rule 32 petition. On January 20, 2009, a hearing on Peterson's Rule 32 petition was conducted. On April 21, 2009, the circuit court denied the petition. *Page 680 
On May 20, 2009, Peterson appealed the circuit court's April 21, 2009, order denying his Rule 32 petition. On June 16, 2009, the Court of Criminal Appeals issued an order, stating:
 "The [circuit court] clerk's transmittal of the above-referenced appeal indicates that [Peterson] is appealing the trial court's denial of his Rule 32 petition. It appears that a previous judgment on this petition was appealed to this Court in [case no.] CR-07-1940. The appeal in CR-07-1940 was dismissed as moot on September [16], 2008, because the trial court had granted the relief requested in [Peterson's] Rule 32 petition. According to information from the circuit court clerk's office, [Peterson] has not filed another Rule 32 petition. The Rule 32 petition that was the subject of the appeal in CR-07-1940 was simply placed back on the docket and denied without a hearing. [Sic] This Court notes that the trial court retains jurisdiction to alter a judgment for only 30 days. See Loggins v. State, 910 So.2d 146
(Ala.Crim.App. 2005).
 "Upon consideration of the above, the Court of Criminal Appeals ORDERS that the [City of Dothan] shall have 14 days to cite authority for the trial court to reconsider and alter a judgment that was previously appealed to this Court in the absence of a new petition being filed or otherwise clarify the information heretofore provided to this Court regarding the circumstances surrounding the judgment that is the subject of this appeal."
The City of Dothan responded, but it offered no authority to support a conclusion that the circuit court had retained juris diction to entertain its motion for reconsideration. Instead, the City of Dothan requested that the Court of Criminal Appeals suspend the Rules of Appellate Procedure, see Rule 2(b), Ala. R.App. P., and review the case on the merit s.[1]
The Court of Criminal Appeals refused, and on July 21, 2009, it dismissed Peterson's appeal.
The Court of Criminal Appeals' dismissal of Peterson's appeal of the circuit court's April 21, 2009, order is proper. The circuit court did not have jurisdiction to enter the order denying Peterson's Rule 32 petition. Indeed, under the unusual circumstances of this case, all actions of the circuit court with regard to litigation of Peterson's Rule 32 petition after the circuit court granted Peterson's Rule 32 petition on July 7, 2008, are void. State v. Johns, 142 Ala. 61, 61-62,38 So. 755, 755 (1905) ("[I]f a court ha[s] no jurisdiction, its action is void."). Although the dismissal of Peterson's appeal may seem to be a waste of judicial resources, neither this Court nor the Court of Criminal Appeals has the authority to grant the circuit court jurisdiction it did not have.
Based on the foregoing, the judgment of the Court of Criminal Appeals dismissing Peterson's appeal is affirmed.
AFFIRMED.
COBB, C.J., and LYONS, BOLIN, and MURDOCK, JJ., concur.
[1] The City of Dothan in its brief to this Court implicitly acknowledges that if the circuit court was without jurisdiction to entertain its motion for reconsideration and to conduct the subsequent proceedings, the circuit court's judgment granting Peterson a new trial is valid. We agree. *Page 681