MOORE, Chief Justice.
This appeal is from a default judgment entered in the Greene Circuit Court. For the reasons discussed below, we dismiss the appeal as untimely.

I. Facts and Procedural History

On October 4, 2010, Bruce L. Johnson, Michael L. King, and William Harrison sued Luke Edwards, the Apostolic Advancement Association, Heritage Real Investment, Inc., Alabama-Mississippi Farm, Inc., and certain officers and board members of those corporations and that association in the Greene Circuit Court (the corporations, the association, the officers, and the board members are hereinafter referred to collectively as the “corporate defendants”). Given the disposition of this appeal, a recitation of the plaintiffs’ factual allegations is unnecessary.
On November 22, 2010, the plaintiffs filed an application for the entry of a default judgment against Edwards pursuant to Rule 55, Ala. R. Civ. P., for his failure to plead or otherwise to defend the allegations in the complaint. See Rule 55(a), Ala. R. Civ. P. On July 11, 2011, the plaintiffs filed another application for the entry of a default judgment along with supporting affidavits, requesting the trial court to enter default judgments against both Edwards and the corporate defendants (hereinafter referred to collectively as “the defendants”) for their failure to plead or defend.
On August 25, 2011, the trial court held a hearing on plaintiffs’ second application for a default judgment. The trial court thereafter entered a default judgment against the defendants and awarded damages in the amount of $6,599,648 and court costs. The same day, Edwards filed a *693 motion styled “Deny Application for Entry of Default and Motion to Dismiss,” maintaining that he had not been personally served with the summons and complaint. Edwards also asserted that the plaintiffs’ action failed to state a claim, that it was barred by the doctrine of res judicata, and that the trial court lacked subject-matter jurisdiction over the action. The trial court never ruled on Edwards’s August 25, 2011, motion.
On September 20, 2011, Edwards and the corporate defendants jointly moved to set aside the default judgment. See Rule 55(c), Ala. R. Civ. P. On December 19, 2011, 90 days after the motion was filed, the defendants’ Rule 55(c) motion was deemed denied by operation of law, pursuant to Rule 59.1, Ala. R. Civ. P.[1]
Subsequently, the plaintiffs attempted to execute on the default judgment. On May 4, 2012, the defendants filed a motion to quash the writ of execution, stating that their September 20, 2011, motion to set aside the default judgment was still pending and was due to be set for a hearing. On that basis, they argued, the default judgment was not a final judgment that could be enforced by a writ of execution.
On May 7, 2012, the plaintiffs filed a motion to strike or to deny the defendants’ motion to quash the writ of execution, arguing that the defendants’ Rule 55(c) motion to set aside the default judgment had been denied by operation of law 90 days after its filing. The plaintiffs also noted that the 42-day period in which to appeal the denial of defendants’ Rule 55(c) motion had expired on January 30, 2012. See Rule 4(a)(1), Ala. R.App. P. The plaintiffs argued that, because the time for appeal had expired, the defendants’ motion to quash the writ of execution should be stricken or denied.
On July 2, 2012, the defendants filed a motion to vacate the trial court’s default judgment pursuant to Rule 60(b), Ala. R. Civ. P. In their motion, the defendants acknowledged that their September 20, 2011, Rule 55(c) motion to set aside the default judgment “was deemed denied 90 days after its filing.”
On January 5, 2013, the trial court denied defendants’ Rule 60(b) motion to vacate the judgment and concluded that “defendants’ contention that the default judgment is void is without merit.” On February 15, 2013, the defendants filed a notice of appeal of the order denying their Rule 60(b) motion to vacate and of the denial by operation of law of their Rule 55(c) motion to set aside the default judgment.

II. Analysis

The defendants concede they did not file a timely appeal from the Rule 59.1 denial by operation of law of their Rule 55(c) motion. In an effort to circumvent the requirement of Rule 4, Ala. R.App. P., that a notice of appeal be filed within 42 days of the judgment or order being appealed, the defendants argue that only a portion of their Rule 55(c) motion to set aside the default judgment was deemed denied by operation of law pursuant to Rule 59.1 and that this Court should construe the portion that was not denied after the passage of 90 days as a Rule 60(b) motion. They also argue that their July 2, 2012, Rule 60(b) motion was merely a resubmission that should relate back to the filing of their September 20, 2011, motion to set aside the default judgment.
*694 The defendants cite no authority for the proposition that a Rule 59.1 denial by operation of law could operate on only a portion of their Rule 55(c) motion. The Court of Civil Appeals has rejected such piecemeal application of Rule 59.1. See Carnes v. Carnes, 365 So.2d 981, 983 (Ala.Civ.App.1978):
“Defendant now attempts to escape the consequences of Rule 59.1 by asking this court to treat portions of his motion for new trial as a motion for relief from judgment under [Ala. R. Civ. P.] 60(b)(6) which provides:
“‘On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment.’
“Our cases hold that a Rule 60(b) motion cannot be used to extend the time for appeal. Personnel Board for Mobile County v. Bronstein, 354 So.2d 8 (Ala.Civ.App.1977), cert, denied, 354 So.2d 12 (Ala.1978); State v. Wall, 348 So.2d 482 (Ala.1977). Similarly, we do not believe that defendant should be allowed to argue now for the first time that his motion for new trial was in reality a Rule 60(b) motion simply to avoid the applicability of Rule 59.1. While our Rules of Civil Procedure contemplate a liberal construction of pleadings and motions, we do not think they envision the kind of construction defendant now urges.”
In order to evade the effects of the 90-day denial by operation of law under Rule 59.1 and the 42-day filing requirement for a notice of appeal under Rule 4, the defendants advance a very liberal construction of their own motions. As did the defendant in Carnes, the defendants argue that a part of their Rule 55(c) motion “could and should be deemed a motion filed pursuant to Rule 60(b) since it clearly raised the issue of service of process on all of the [defendants].” We agree with the analysis in Carnes, and we do not believe that the defendants should be allowed to argue for the first time on appeal that a portion of their Rule 55(c) motion was in reality a Rule 60(b) motion simply to avoid the applicability of Rule 59.1.
We note that the Alabama Rules of Civil Procedure do not necessarily preclude a defendant from filing alternative Rule 55(c) and Rule 60(b) motions with the trial court. “[T]he Rules do not, at the present time, preclude the filing of alternative Rule 55(c) and 60(b) motions; however, the better practice is to file a Rule 60(b) motion only when there is a final judgment in the case.” Ex parte Vaughan, 539 So.2d 1060, 1061 (Ala.1989). See Ex parte Lang, 500 So.2d 3, 4 (Ala.1986) (“Notwithstanding the designation in its title, the document ... was clearly a Rule 60(b) motion (albeit, prematurely filed) seeking relief under grounds (1) and (6); the trial court properly treated it as such.”). However, the defendants’ Rule 55(c) motion does not clearly seek alternative relief under Rule 60(b) that might warrant treating the defendants’ Rule 55(c) motion as an alternative or bifurcated Rule 55(c) motion and Rule 60(b) motion. On July 2, 2012, the defendants admitted that their Rule 55(c) motion to set aside the default judgment was deemed denied 90 days after its filing. The defendants cannot avoid the operation of Rule 59.1 where their Rule 55(c) motion does not clearly seek Rule 60(b) relief in the alternative.
A denial of a postjudgment motion by operation of law pursuant to Rule 59.1 triggers the 42-day period in which to file a notice of appeal pursuant to Rule 4, Ala. R.App. P. The defendants admit they did not file a timely notice of appeal from *695 the Rule 59.1 denial of their Rule 55(c) motion. Accordingly, this Court has no jurisdiction to consider the defendants’ appeal. “The appeal, taken after the time prescribed by statute, will be dismissed ex mero motu, because this court is without jurisdiction to consider same.” Irwin v. Weil, 228 Ala. 489, 490, 153 So. 746, 746 (1934). See Meeks v. State Farm Mut. Auto. Ins. Co., 286 Ala. 513, 514, 243 So.2d 27, 28 (1970).
The defendants ask this Court to construe their Rule 60(b) motion as a request to reconsider or as a supplement to a portion of their Rule 55(c) motion. Rule 60(b), however, is not a substitute for a timely filed notice of appeal. “[A] Rule 60(b) motion may not be used to seek reconsideration of a trial court’s denial of a postjudgment motion, nor are Rule 60 motions substitutes for appeal.” Landers v. Landers, 812 So.2d 1212, 1216 (Ala.Civ.App.2001). We have stated that a Rule 60(b) motion
“ ‘cannot serve as a basis for a motion that, in effect, seeks a reconsideration of matters already considered by the trial court in a previous post-judgment motion when the facts alleged in the Rule 60(b) motion “were known by the moving party at the time of his original [post-judgment] motion.” Ex parte Dowling, 477 So.2d 400, 403 (Ala.1985). Such a Rule 60(b) motion, and a subsequent appeal of the denial of such a motion, cannot be used as a substitute for an appeal of the trial court’s original judgment.’ ”
Ex parte Haynes, 58 So.3d 761, 765 (Ala.2010) (some emphasis omitted). Because the defendants’ Rule 60(b) motion is a nullity, the only order the defendants could appeal from was the Rule 59.1 denial of their Rule 55(c) motion by operation of law. The time to appeal that Rule 59.1 denial expired on January 29, 2012.

III. Conclusion

We conclude that the defendants’ notice of appeal was untimely. We are without jurisdiction to hear the appeal, and we therefore dismiss it.
APPEAL DISMISSED.
BOLIN, MURDOCK, MAIN, and BRYAN, JJ., concur.

. "No postjudgment motion filed pursuant to Rule[ ] ... 55 ... shall remain pending in the trial court for more than ninety (90) days.... A failure by the trial court to render an order disposing of any postjudgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.”