On Application for Rehearing
The opinion of this Court dated July 19, 1985, is withdrawn and the following opinion substituted in its place.
The plaintiffs, C.C. Cornelius, Jr., Sharon Cornelius, C.C. Cornelius III, Bernadette Cornelius, Juanita Cornelius, Oneta C. Rhea, and Kathy Regina Cornelius (hereinafter "the Corneliuses"), appeal from a denial of a motion for relief from a judgment. Their claim is that the trial court was without jurisdiction to reduce the width of a previously declared right-of-way from 30 feet to 15 feet.
The Corneliuses have owned land in Blount County for about 70 years. This property is bounded by water on three sides and on the fourth side adjoins the property owned by the defendants, Alvin Green, Nancy Green, Robert Charles Tinsley, and Betty Lynn Tinsley. The only means of access to a public road from the Corneliuses' land is across the defendants' property. An old road over the land has been in existence and used by the Corneliuses and the general public for over 65 years.
The defendants constructed a new roadway approximately five years before trial and had placed a steel fence and locking gate around the original roadway. The Corneliuses brought suit, contending that they had adversely used the original road and requested that the court declare the original road to be a 30-foot right-of-way in their favor. The suit also requested that the defendants be ordered to remove all obstructions from that road.
After a trial on the merits, the court issued an order, dated November 19, 1981, in favor of the Corneliuses, and established the right-of-way. The court also ordered the defendants to remove portions of the fence that were blocking the road. After a court-ordered survey, a final judgment was entered on May 25, 1982, which stated that the easement established "lies 15 feet on either side of the centerline of the easement."
When the defendants failed to remove the fence, the Corneliuses filed a petition alleging that the defendants were in contempt of court. On December 3, 1982, the defendants filed a document entitled "Petition Court to Alter Decree," which asked the court to change the width of the easement from 30 feet to 12 feet. The Corneliuses filed a motion to dismiss this "petition" on the grounds that the time to file a motion to alter the judgment had expired.
In response to the contempt proceedings and the defendants' motion ("petition"), the court, on January 4, 1983, amended its earlier judgment. The court stated, "[t]he order of this Court fixing the right-of-way as being fifteen feet on each side of the centerline is erroneous and the result of a mistake on the part of this Court," and the court modified the right-of-way to 7.5 feet on either side of the centerline.
The Corneliuses thereafter filed a "Motion for Relief from Judgment" under Rule 60 (b)(4), A.R.Civ.P., on the grounds that the amended judgment was void. The court denied the Corneliuses' motion. The court found that its judgment of May 25, 1982, was in error and had been properly altered or amended after the judge had personally viewed the premises in response to the defendants' petition. The Corneliuses then brought this appeal.
The issue on this appeal is whether the trial court lacked jurisdiction to alter its original judgment declaring a 30-foot right-of-way. The Corneliuses contend that the defendants' document styled "Petition Court to Alter Decree" was either a Rule 59 (e) motion to alter or amend the judgment or a Rule 60 (b)(1) motion for relief from the judgment due to a mistake. They argue that, under either kind of motion, the time for making such a motion had expired and the court was without jurisdiction to grant relief from the final judgment. We agree with their contention.
In both form, and substance, the "petition" filed by the defendants to alter the judgment was a Rule 59 (e) motion. The petition did not allege any of the 60 (b) *Page 1365 
grounds, and the defendants did not establish any of the six enumerated grounds justifying relief under 60 (b). Therefore, the "petition" should have been treated by the trial court as a Rule 59 (e) motion. City of Birmingham v. City of Fairfield,396 So.2d 692 (Ala. 1981). Since this motion was not filed within 30 days of the May 25, 1982, judgment, the trial court did not have jurisdiction to amend that judgment.
The defendants contend that the trial judge considered their "petition" as a Rule 60 (b)(6) motion and that he thereby had jurisdiction to relieve them from the judgment. However, even if the trial court could have properly considered the defendants' petition as a Rule 60 (b) motion, it could not have characterized it as a 60 (b)(6) motion. In Nowlin v. Druid CityHospital Board, 475 So.2d 469 (Ala. 1985), this Court set forth a very strict standard for granting relief under a Rule 60 (b)(6) motion. The Court held that since the ground could have been raised in a Rule 59 (e) motion or on appeal, the defendant was not entitled to Rule 60 (b)(6) relief. Nowlin, supra. This is precisely the case here, since the defendants could have appealed the trial court's judgment or could have sought a modification of that judgment through a timely filed Rule 59 (e) motion.
In this case, the defendants simply waited too long before seeking relief from the trial court's judgment establishing the 30-foot right-of-way. The defendants had 30 days within which to file a motion to alter the judgment or to move for a new trial, Rule 59 (b) and (e). Having failed to do that, they had 12 more days within which to file an appeal. Rule 4 (a), A.R.A.P. Upon the expiration of the 12 days, they then had approximately two and one-half more months, i.e., four months from the date of the judgment, to file a Rule 60 (b)(1) motion seeking relief from the judgment.[1] There was no Rule 59 motion, no notice of appeal, and no Rule 60 (b)(1) motion until more than six months after the final judgment. A trial court may not extend the time for taking action under Rules 59 (e) and 60 (b). Rule 6 (b), A.R.Civ.P.
Because the defendants' "petition" was not filed in a timely manner, the amended judgment the Corneliuses attacked is void and they are entitled to Rule 60 (b)(4) relief.
REHEARING GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES and BEATTY, JJ., concur.
FAULKNER, J., dissents.
[1] In response to the defendants' motion to alter or amend the judgment, the trial judge, in his own words, admitted that the judgment declaring a 30-foot right-of-way was "erroneous and the result of a mistake on the part of this Court." Mistake is a ground for Rule 60 (b)(1) relief.