521 So.2d 942 (1988)
C.C. CORNELIUS, Jr., et al.
v.
Alvin GREEN, et al.
85-1132, 86-37.
Supreme Court of Alabama.
February 12, 1988.
*943 Walter W. Kennedy III and Hugh A. Nash of Nash & Walker, Oneonta, and Thomas L. Rountree, Auburn, for appellants.
Jack Martin Bains, Oneonta, for appellees.
Robert C. Tinsley, pro se.
PER CURIAM.
These appeals arise out of the case that was the subject of Cornelius v. Green, 477 So.2d 1363 (Ala.1985). After the decision in that case, the Corneliuses filed a complaint seeking damages for trespass to the land as to which the prior judgment had granted them an easement. The trial court granted a summary judgment for the defendants (the Greens and the Tinsleys). That judgment is the subject of appeal # 86-37. The Greens and the Tinsleys filed amended motions for relief from judgment, whereupon the trial court granted relief, the effect of which will be described below. The Corneliuses' appeal from that judgment is case # 85-1132.
Case # 86-37 is readily decidable on the principles of res judicata. The original complaint filed by the Corneliuses sought the declaration of a right-of-way across the Greens' and Tinsleys' land to the Corneliuses' landlocked property, and prayed "for such other, further, different, or additional relief to which they may be entitled." The court declared a right-of-way and ordered the Greens and Tinsleys to remove their fences blocking the right-of-way. The complaint that is the subject of appeal # 86-37 seeks damages for trespass for the unlawful interference with the Corneliuses' use of the right-of-way from December 1979, the date of the original complaint, to June 1984, the date of the final judgment from which the prior appeal was taken.
This suit for damages is clearly barred by res judicata:
"Res judicata requires (1) a prior judgment rendered by a court of competent jurisdiction: (2) a prior judgment rendered on the merits; (3) substantially the same parties in both suits; and (4) the same cause of action in both suits. Where these elements are present, the former suit bars any later suit on the same cause of action, including issues that were or could have been litigated in the prior case."

Lott v. Toomey, 477 So.2d 316, 319 (Ala. 1985) (emphasis added).
The first three elements are unquestionably present here. The Corneliuses argue that the fourth is not, because they could not have sued for damages for interference with their right-of-way until after it was declared. This argument overlooks the fact that, on October 12, 1982,[1] they filed *944 "a petition alleging that the defendants were in contempt of court," Cornelius v. Green, supra, at 1364. Because the original complaint prayed for other relief to which the Corneliuses might be entitled, and because of the merger of equity and law jurisdiction, the damages now sought "could have been litigated in the prior case."
The appeal in case #85-1132 is more complex, and some reiteration of the facts stated in the prior opinion will be necessary (see that opinion for a fuller rendition). On November 19, 1981, the court declared the existence of an easement and ordered the fences removed; on May 25, 1982, the court declared that the easement extended 15 feet on either side of the centerline; on December 3, 1982, the defendants filed a "petition" to have the easement width changed from 30 to 12 feet; and on January 4, 1983, the court modified the easement to 15 feet. This Court held that the December 3 "petition" was in actuality an untimely Rule 59(e), A.R.Civ.P., motion that should have been denied because of its untimeliness. In the course of its discussion, this Court held that "even if the trial court could have properly considered the defendants' petition as a Rule 60(b) motion, it could not have characterized it as a 60(b)(6) motion," 477 So.2d at 1365, because the ground for relief could have been raised in a Rule 59(e) motion, a Rule 60(b)(1) motion, or on appeal.
The relief granted after the first appeal was in response to three motions: an "amendment to motion for relief from judgment" filed by Alvin Green on October 22, 1985, stating that there was a clerical error in the width of the right-of-way set out in the judgment and requesting relief under Rule 60(a); a "motion to establish right-of-way and to correct judgment" also filed by Green on the same day, seeking relief under Rule 60(b)(6) because the judgment establishing the 30-foot right-of-way was not supported by any evidence and would work a great hardship upon Green; and a "motion for relief from judgment" filed by the Tinsleys on October 29, 1985, also seeking 60(b)(6) relief on the ground that, although there was evidence to support a 15-foot right-of-way, there was no evidence to support a 30-foot right-of-way.
The court held a hearing on these motions and entered an order setting forth the history of the case, including a full quotation of its original order issued on November 19, 1981. The court stated:
"This Court is completely unaware as to how the figure of fifteen feet on either side of the center line of the easement got into the order of this Court on the 25th day of May, 1982, due to the fact that there was no evidence before the Court as to a thirty foot right of way. This Court was unaware of such error until it was called to the attention of this Court by a pro se petition filed by one of the defendants, Robert C. (Hap) Tinsley on December 3, 1982.
"This Court did attempt to correct the error or mistake on the part of this Court by decree entered on the 4th day of January, 1983, and quoted from the decree initially entered by this Court on the 19th day of November, 1981, pertaining to the right of way as located and `visible on the ground.' The Supreme Court of Alabama did on October 15, 1985, enter a decree reversing the decree entered by this Court on the 4th day of January, 1983."
The court concluded:
"The defendants contend that this matter should be resolved by this Court under provisions of Rule Number 60(a), Alabama Rules of Civil Procedure, due to the fact that the error in the decree arose from oversight or omission. This Court is of the opinion that there is merit in the arguments of the defendants and that the error in the decree was a result of oversight or omission on the part of this Court. Due to mandate by the Supreme Court, this Court does hereby set aside the judgment or decree of this Court entered on the 4th day of January, 1983.
"This Court finds that the final decree of this Court entered on the 19th day of November, 1981, is still the decree of this Court. If said decree is not allowed to stand, there would be a fundamental miscarriage *945 of justice and the defendants in this case would be deprived of property without just compensation in violation of the Constitutions of the State of Alabama and the United States."
It is clear from this order that the trial court was merely revisiting the motions that this Court held in the prior appeal to have been untimely filed. Although Rule 60(a) states that a court may correct a clerical mistake or an error arising from oversight or omission "at any time," this does not authorize a second review of a judgment as to which prior post-judgment motions on the same point have been made and held to be untimely.
Furthermore, the right to amend a judgment to correct a clerical error does not authorize the court to render a different judgment. Great Atl. & Pac. Tea Co. v. Sealy, 374 So.2d 877 (Ala.1979). The committee comments to Rule 60(a) state:
"This subdivision deals solely with the correction of clerical errors. Errors of a more substantial nature are to be corrected by a motion under Rules 59(e) or 60(b). Thus the Rule 60(a) motion can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced."
The Court of Civil Appeals paraphrased this language in reaching a holding to the same effect. Carries v. Carnes, 365 So.2d 981 (Ala.Civ.App.1978), cert. denied, 365 So. 2d 985 (Ala.1979). See also Mayer v. Mayer, 491 So.2d 249 (Ala.Civ.App.1986).
We note that the complaint sought a 30-foot right-of-way. An affidavit filed by the Corneliuses' attorney stated that the trial court specifically ordered a 30-foot right-of-way to be included in the May 25 order. Even outside of these indications that the error was not a clerical one, the halving of the width of the right-of-way is clearly a matter of substance and cannot be done pursuant to a Rule 60(a) motion. Therefore, the judgment made the subject of appeal in case # 85-1132 is reversed and judgment is rendered for the Corneliuses, reinstating the judgment as it existed after the decision in the first appeal.
86-37AFFIRMED.
85-1132REVERSED AND JUDGMENT RENDERED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS and STEAGALL, JJ., concur.
BEATTY and HOUSTON, JJ., concur specially.
BEATTY, Justice (concurring specially).
I concur in the majority's opinion in appeal 85-1132 because, apparently, in determining that its prior judgment was "erroneous," the trial court actually viewed the property again before "correcting" its prior judgment. Thus, the trial court's "correction" of its prior judgment was more than a mere correction of a "clerical" error as contemplated by Rule 60(a), A.R.Civ.P. It was in fact a change based on the substance of the evidence.
As for appeal 86-37, I agree that the Corneliuses' action for trespass is barred by res judicata, but only as to those damages that had accrued up to the time judgment was entered in the last contempt action filed by the Corneliuses. The justification for holding that the Corneliuses' trespass action for those damages is barred by res judicata is found in this Court's opinion in Lesley v. City of Montgomery, 485 So.2d 1088 (Ala.1986).
In Lesley, the plaintiff filed his first action seeking a preliminary injunction to halt the City's reconstruction of a bridge, which entailed the construction of a retaining wall in front of plaintiff's business. The plaintiff claimed that the retaining wall would interfere with his right of access to his business. After a hearing on the merits, the trial court denied preliminary injunctive relief, ruling that plaintiff had no property rights in the parking places that construction of the retaining wall would interfere with. The appeal from the trial court's order was dismissed, but, thereafter, plaintiff brought a second action seeking damages for interference with his right of access to his business. We affirmed the trial *946 court's dismissal of plaintiff's second action on the ground that it was barred by the doctrine of res judicata. In so doing, we held that both actions were for the same cause:
"Lesley first contends that the same cause of action was not present in both suits because the first suit sought injunctive relief pending a final determination of the legal rights of the parties, while the second suit sought damages for the diminution of the value of the property, for lost profits, and for the loss in value of his business. We disagree.
"...
"[W]hether the same cause of action is presented in successive suits depends on whether the act of the defendant is the same in each case, and whether the same evidence would support a recovery in both suits.
"Clearly, the defendants' act that Lesley contends is wrongful, namely, constructing a retaining wall, is the same in both suits. Further, in his action for an injunction, Lesley alleged that his right of access to his business would be interfered with if the wall was built. In his second suit, he contends that this same act of interference has caused him damages. The mere fact that the relief sought varies in the two cases, one injunctive and the other monetary, does not mean that there are separate causes of action in the two cases.
"...
"Nothing prohibited Lesley from asserting his claim for damages in his suit for the preliminary injunction. Since the act complained of is the same in both suits, and the evidence presented would be the same, the trial court was correct in holding that the cause of action was the same in both actions."
485 So.2d at 1090-92.
The posture of these cases is quite similar to those in Lesley, and without question Lesley would control had the Corneliuses first filed an action for trespass wherein, as part of their prima facie case, they would have had to establish their property/possessory interest in the land in question. In that situation, had the trial court ruled adversely to the Corneliuses as to their requisite interest in the land, they could not have thereafter sought a declaration that they have a right-of-way easement in the property. Conversely, had the Corneliuses prevailed in their trespass action filed first, the Greens could not have thereafter, in a subsequent action, challenged the Corneliuses' requisite interest in the property.
If res judicata would have barred the Corneliuses' actions if filed in reverse order, it must bar the actions in the sequence in which they were filed.
HOUSTON, J., concurs.
NOTES
[1] We have inspected the record in the prior appeal to find this date, not reported in the prior opinion. That record further shows that the petition sought attorney fees and other relief; that the contempt order of January 4, 1983, imposed a $50 per day fine until the fence was removed; and that the Corneliuses filed a "motion to enter judgment" on October 28, 1983, requesting imposition of the fine for the still-continuing obstruction. At any of these times, and up until the court entered its "decree on motion for relief from judgment" on June 12, 1984, the Corneliuses could have requested the relief in damages that they now seek.