THOMAS, Judge.
Kim Eugene Lang (“the husband”) appeals from an order rendered by the Jefferson Circuit Court on August 28, 2013 (“the August 2013 order”).[1] The August 2013 order determined, after considering the language of the divorce judgment divorcing the husband from Stacey Cox Lang (“the wife”), that “[n]o monies are due to [the husband] from [the wife] from the house financing.” The husband appeals from the August 2013 order, contending that the trial court lacked jurisdiction to enter it in the parties’ divorce action.
The relevant procedural history of the action is as follows. The trial court entered a divorce judgment on June 27, 2012, that contained a provision awarding certain real and personal property, including the marital residence, to the wife. That *305 provision, in pertinent part, states the following regarding the marital residence:
“14. The [wife] shall have as her sole, own, and exclusive properties the following:
[[Image here]]
“cl.) The [wife] is awarded all right, title, and interest [to the marital residence], jointly owned by the parties[,] ... with the [wife] to pay the mortgage indebtedness. [The husband] shall convey his interest in said property to the [wife] by quit claim deéd to be prepared by the attorney for the [husband], which shall be executed and delivered within 10 days of delivery of said deed to the office of his attorney.
“c2.) The [wife] shall pay and be responsible for paying the mortgage indebtedness on the marital residence and shall hold the [husband] harmless for the same. The [wife] shall refinance the mortgage and note on the property in her own name and have the [husband’s] name removed from the mortgage and note and the net proceeds therefrom, after costs of said sale are deducted, shall be divided equally (50-50) between the parties.”
(Emphasis added.)
Both the husband and the wife filed timely postjudgment motions directed to the divorce judgment. Among other things, both parties requested that the trial court amend the provision of the judgment awarding the wife the marital residence (“the marital-residence provision”).[2] The husband specifically requested that the trial court amend the marital-residence provision to require the wife’s attorney to draw up the quitclaim deed to the marital residence and that the trial court “amend the [divorce judgment] to clarify the amount the husband is to receive upon the refinance of the mortgage indebtedness of the marital residence and/or sale of the marital residence for his interest in the property.” The husband also requested that the trial court amend the divorce judgment to require the sale of the marital residence if the wife could not accomplish the refinancing of the property and that the wife be required to remove the husband’s name from the mortgage within 180 days of the entry of the divorce judgment. The wife requested in her motion that the trial court “amend [the marital-residence provision] to reflect that no sum is due to [the husband] from [the wife].”
After a hearing, the trial court entered an amended divorce judgment on October 25, 2012. As had been requested by the husband, the trial court amended the marital-residence provision to require that the quitclaim deed be prepared by the wife’s attorney instead of the husband’s attorney. The trial court also amended the marital-residence provision to add to the final sentence of the marital-residence provision the following deadline: “within 180 days of this order.”' It left all other aspects of the marital-residence provision intact.
On November 6, 2012, the wife filed a motion she entitled “motion for clarification.” That motion again requested that the trial court order that “no sum is due to [the husband] from [the wife]”; however, instead of requesting that the trial court amend the amended divorce judgment, the wife’s motion requested that the trial court “clarify” the marital-residence provision. The wife also requested that the trial court “clarify the relationships between” the *306 subparagraphs of the marital-residence provision and that it “clarify the visitation” set out in the amended divorce judgment— a request that mirrored her earlier request to amend the identical visitation provisions contained in the divorce judgment.
The husband responded to the wife’s “motion for clarification” on November 14, 2012. He argued that the trial court should enforce the marital-residence provision as written. He also requested certain relief, including that the trial court correct certain clerical errors in the amended divorce judgment. Specifically, he requested that the time the parties’ child was ordered to visit with the husband on Father’s Day from “9 a.m. until 6:00 a.m.” be corrected to “until 6:00 p.m.” and that the date of the original divorce judgment, which had been incorrectly stated in the amended divorce judgment to be “April 18, 2012,” be corrected to “June 27, 2012.”
In January 2013, the trial court set a hearing on the wife’s motion for January 22, 2013. However, that hearing never occurred.[3] In June 2013, the trial court reset the hearing on the wife’s motion for July 8, 2013; the July 8, 2013, hearing was rescheduled to August 8, 2013, and then rescheduled to October 15, 2013. However, according to the parties, a hearing on the wife’s motion was, in fact, held on August 26, 2013. After that hearing, the trial court rendered the August 2013 order, determining that the marital-residence provision did not require the wife to pay any money to the husband. As noted above, the husband appeals from the August 2013 order, which has been entered in the divorce action. See supra note 1.
The husband argues that the wife’s “motion for clarification” was nothing more than a motion urging the trial court to reconsider the denial of the wife’s first postjudgment motion requesting the exact same relief regarding the marital-residence provision. He points out that the Rules of Civil Procedure do not permit a party to seek reconsideration of the denial of that party’s postjudgment motion. See Ex parte Dowling, 477 So.2d 400, 404 (Ala.1985) (“[T]he Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge’s ruling on his own post-judgment motion.”). Thus, he contends, the trial court lacked jurisdiction to act on the wife’s “motion for clarification,” rendering the August 2013 order void.
The wife argues that her “motion for clarification” truly sought only a clarification of the trial court’s ambiguous judgment. She relies on Moss v. Mosley, 948 So.2d 560, 565 (Ala.Civ.App.2006), in which this court stated: “A ‘motion for clarification’ is just what the name implies:, a request for an explanation from the trial court as to the meaning of a prior, allegedly unclear, order.” She contends that the marital-residence provision, as it appears in both the divorce judgment and the amended divorce judgment, is unclear and ambiguous regarding the wife’s obligation to pay the husband one-half the proceeds of a sale that the judgments do not order. Her “motion for clarification,” she says, requested a mere clarification of the amended divorce judgment, and, she says, the trial court’s response to the motion, which merely stated that no moneys were due to be paid to the husband, is further proof that her motion did not seek to amend the marital-residence provision. See Moss, 948 So.2d at 565 (noting that the trial court’s response to the motion “is a strong indicator” of the type of motion the trial court considered).
*307 The problem with the wife’s argument is twofold. First, in her first postjudgment motion, the wife herself characterized the relief she was seeking from the marital-residence provision as an amendment of the divorce judgment. The only difference in the sentence relating to the marital-residence provision in the wife’s two motions is the use of the word “amend” in her first postjudgment motion and her use of the word “clarify” in her “motion for clarification.” She asked the trial court in both motions to make the judgment “reflect that no sum” would be due the husband. “Reflect” is defined as “to make manifest or apparent.” Merriam-Webster’s Collegiate Dictionary 1046 (11th ed.2003). Thus, the wife sought to have the trial court “make manifest or apparent” that the marital-residence provision did not require her to equally divide the “net proceeds therefrom, after the costs of said sale are deducted,” with the husband. The ambiguity created by the reference to a sale the trial court never ordered certainly makes the marital-residence provision unclear; however, in order to award the wife the relief she sought, the trial court would have had to do more than clarify what the language in the provision meant. To make it clear that the wife was not required to pay half of some amount of money to the husband, the trial court would have had to remove that language from the divorce judgment or from the amended divorce judgment.
We note that, as the wife suggests, the character of the trial court’s order is also an indicator of whether the motion was one seeking clarification. Moss, 948 So.2d at 565. She contends that the trial court’s August 2013 order only clarified the marital-residence provision and did not alter, amend, or vacate it. However, the trial court’s order actually appears to interpret the provision to come to the conclusion that the wife is not required to pay the husband any money.[4] Based on the language used in the wife’s motion, we cannot conclude that the wife’s motion was a motion for clarification simply because the trial court did not alter, amend, or vacate the amended divorce judgment. Even if we did conclude that the wife’s motion was a mere motion for clarification, however, we would still conclude that the trial court lacked jurisdiction to enter the August 2013 order in the divorce action.
We now turn to the second, and perhaps more important, reason the trial court lacked jurisdiction to enter the August 2013 order in the divorce action: the fact that the wife had already sought relief from the marital-residence provision and had been denied that relief prevented her from seeking the same relief again in another motion. As the husband explains in his brief on appeal, a party cannot seek relief from the denial of his or her own postjudgment motion. See Ex parte Dowling, 477 So.2d at 404. Put another way, “[sjuccessive post-judgment motions by the same party, seeking essentially the same relief, are not allowed.” Gold Kist, Inc. v. Griffin, 659 So.2d 626, 627 (Ala.Civ.App.1994).
The general principle that a party may not seek reconsideration of the denial of *308 his or her own postjudgment motion is longstanding. Ex parte Dowling, 477 So.2d at 404. The wife’s first post-judgment motion sought to have the divorce judgment amended or corrected to reflect that the marital-residence provision did not require her to pay any money to the husband as a result of the refinancing of the marital residence. The trial court, although it otherwise amended the divorce judgment and the marital-residence provision, denied that relief to the wife. The wife’s remedy was to timely appeal that denial. Ex parte Dowling, 477 So.2d at 404 (“In the usual case, after a post-judgment motion had been denied, the only review of that denial is by appeal.”). Instead, she filed a second motion seeking the same relief, and the trial court lacked jurisdiction to entertain that motion or to reconsider its denial of the requested relief. Ollis v. Ollis, 636 So.2d 458, 459 (Ala.Civ.App.1994) (“The trial court had no jurisdiction to ‘reconsider’ the denial of the first post-judgment motion.”).
To the extent the wife argues that her “motion for clarification” was, in fact, a Rule 60(a), Ala. R. Civ. P., motion, we conclude that considering the motion as one bearing that label does not assist the wife, and we come to the same conclusion — that the trial court lacked jurisdiction to entertain the motion. This case is similar to Cornelius v. Green, 521 So.2d 942, 945 (Ala.1988), in which our supreme court explained that, “[although Rule 60(a) states that a court may correct a clerical mistake or an error arising from oversight or omission ‘at any time,’ this does not authorize a second review of a judgment as to which prior post-judgment motions on the same point have been made and held to be untimely.” The wife’s first postjudgment motion in the present case was not untimely; however, it had been considered and the relief requested had been denied. To allow the wife to use a Rule 60(a) motion as a substitute for an appeal from the denial of her first post-judgment motion seeking the same relief would allow the trial court to review the judgment a second time, which Cornelius says is not permitted. Cornelius, 521 So.2d at 945. Thus, the trial court lacked the authority to entertain the wife’s “motion for clarification,” even if we consider it to have been a Rule 60(a) motion seeking a correction of an error in the judgment.
We therefore agree with the husband that the August 2013 order is void. Because a void judgment will not support an appeal, we dismiss this appeal; however, we dismiss the appeal with instructions to the trial court that it vacate the void August 2013 order.
The wife requests damages for a frivolous appeal pursuant to Rule 38, Ala. R.App. P., and an attorney fee on appeal. Both requests are denied.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and DONALDSON, JJ„ concur.
MOORE, J., concurs in the result, without writing.

. The order was rendered on August 28, 2013, and it was entered on August 30, 2013; however, it was mistakenly entered in the husband’s pending contempt case, which had been assigned case number DR-10-901098.01. Upon motion of the husband, the trial court has corrected the record to enter the August 28, 2013, order in the parties’ divorce action.

. In the divorce judgment, the marital-residence provision is numbered as paragraph 14; however, the judgment contains 2 paragraphs each numbered 8, 9, 10, and 11. The paragraph containing the marital-residence provision should have been numbered 18, and that error was corrected in the amended divorce judgment.

. The circuit-court judge assigned to this action was suspended for a time after January 2013, and this action was reassigned to another circuit-court judge.

. A trial court does have the authority to interpret and enforce its own judgment. See Jardine v. Jardine, 918 So.2d 127, 131 (Ala.Civ.App.2005) ("[O]ur cases hold that a trial court has the inherent authority to interpret, implement, or enforce its own judgments.”). In light of the fact that the August 2013 order was originally entered in the husband’s companion contempt action after a hearing held on a date the motion for clarification had not been set, the trial court was very likely interpreting the provision in the contempt action rather than in the divorce action. See supra note 1.