THOMAS, Judge.
On August 26, 2015, the Jefferson Circuit Court (“the trial court”) entered a judgment modifying an April 2011 judgment that had divorced Paul Randall Britt (“the father”) and Lauren Butler Britt (“the mother”). The August 2015 modification judgment, among other things, reduced the father’s child-support obligation retroactive to July 2014, calculated the father’s child-support arrearage, and awarded a credit against that arrearage based on the amount of child support the father had overpaid since July 2014. In addition, the judgment awarded the father the right to claim the parties’ children as dependents for tax-exemption purposes. The mother, on September 25, 2015, filed a timely post-judgment motion, in which she argued, among other things, that the trial court had erred in retroactively modifying the father’s child-support obligation beginning in July 2014 when he had not commenced his modification action until October 2014 and that the trial court had erred in awarding the father the dependency exemption for all the parties’ children. The trial court entered an order purporting to grant the mother’s motion in part on February 3, 2016, more than 90 days after the filing of the motion. See Rule 59.1, Ala. R. Civ. P.
On March 15, 2016, the father filed in this court a petition for the writ of mandamus directing the trial court to set aside its February 3, 2016, order. This court called for an answer, after which the trial court entered two orders dated March 23, 2016: the first order set aside the February 3, 2016, order (“the set-aside order”), and the second order awarded the mother the same relief awarded in the February 3, 2016, order, but relied on the trial court’s power under Rule 60(a), Ala. R. Civ. P., to correct clerical errors in its judgment (“the Rule 60(a) order”). The mother then sought a dismissal of the father’s petition but provided this court with a copy of only the set-aside order. The father responded to the mother’s motion to dismiss the petition by providing this court with a copy of the Rule 60(a) order. We permitted the father to amend his petition to include as exhibits both the set-aside order and the Rule 60(a) order and to present argument regarding the propriety of the Rule 60(a) order. The mother did not respond to the father’s amended petition.
“ ‘ “A writ of mandamus is an extraordinary remedy that is available when a trial court has exceeded its discretion. Ex parte Fidelity Bank, 893 So.2d 1116, 1119 (Ala.2004). A writ of mandamus is ‘appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.’ Ex *965 parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala.2001).” ’ ”
Ex parte Brown, 963 So.2d 604, 606-07 (Ala.2007) (quoting Ex parte Rawls, 953 So.2d 374, 377 (Ala.2006), quoting in turn Ex parte Antonucci, 917 So.2d 825, 830 (Ala.2006)).
The father argues that the trial court’s Rule 60(a) order is an improper attempt to amend the August 2015 judgment despite the fact that the trial court lost jurisdiction to do so on December 24, 2015, 90 days after the mother filed her postjudgment motion. He relies on Cornelius v. Green, 521 So.2d 942, 945 (Ala.1988) (“Cornelius II”), in which our supreme court explained that Rule 60(a) cannot be used to enter a different judgment than the one that the trial court intended to enter and does not allow a trial court to correct “a matter of substance” within the judgment.
The fact scenario in Cornelius II is similar to the situation in the present case, but, to fully explain it, we must first discuss Cornelius v. Green, 477 So.2d 1363 (Ala.1985) (“Cornelius I”). The trial court in Cornelius I had entered a judgment awarding the plaintiffs, the Corneliuses, a 30-foot easement in May 1982; the defendants, the Greens and the Tinsleys, filed, in December 1982, a “ ‘petition’ to have the easement width changed from 30 feet to 12 feet,” Cornelius II, 521 So.2d at 944; and the trial court modified the width of the easement to 15 feet in January 1983. Cornelius I, 477 So.2d at 1364. The Corneli-uses filed a Rule 60(b)(4) motion attacking the January 1983 judgment, which the trial court denied. Id. The Corneliuses appealed the denial of their Rule 60(b)(4) motion, and our supreme court concluded that the December 1982 petition had been an untimely filed postjudgment motion, that the trial court had lacked jurisdiction to amend the judgment based on that motion, and, therefore, that the January 1983 judgment was void. Id. at 1364-65.
After the reversal of the denial of the Cornelius’s Rule 60(b) motion, Alvin Green filed in the trial court a motion requesting relief from the judgment under Rule 60(b) and a motion seeking the correction of a clerical error in the width of the easement. Cornelius II, 521 So.2d at 944. The- trial court again reduced the width of the easement, indicating that it was correcting the judgment under Rule 60(a), and the Cor-neliuses again appealed. Id. at 944. Our supreme court reversed the judgment, explaining:
“It is clear from [its] order that the trial court was merely revisiting the motions that this Court held in the prior appeal to have been untimely filed. Although Rule 60(a) states that a court may correct a clerical mistake or an error arising from oversight or omission ‘at any time,’ this does not authorize a second review of a judgment as to which prior post-judgment motions on the same point have been made and held to be untimely.
“Furthermore, the right to amend a judgment to correct a clerical error does not authorize the court to render a different judgment. Great Atl. & Pac. Tea Co. v. Sealy, 374 So.2d 877 (Ala.1979). The committee comments to Rule 60(a) state:
“‘This subdivision deals solely with the correction of clerical errors. Errors of a more substantial nature are to be corrected by a motion under Rules 59(e) or 60(b). Thus the Rule 60(a) motion can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced.’ ”
Cornelius II, 521 So.2d at 945.
Based on Cornelius II, the father asserts that the trial court in the present *966 case is attempting to “revisit” the mother’s postjudgment motion despite the fact that the trial court lost jurisdiction to rule on her motion in December 2015. Put another way, the father is arguing that the trial court cannot now reconsider the August 2015 modification judgment under the guise of Rule 60(a) as a method of escaping the operation of Rule 59.1 on the mother’s postjudgment motion. Insofar as the trial court amended that portion of the August 2015 modification judgment awarding the father the right to claim the parties’ children, both minor and adult, as dependents on his tax return, we agree with the father that the trial court conducted “a second review of [the] judgment as to which [its order on the mother’s] post-judgment motion[ ] on the same point [was] untimely.” Cornelius II, 521 So.2d at 945.
The trial court stated in the Rule 60(a) order that it had concluded that it “lacked subject matter jurisdiction over the adult children” and that, therefore, the provision awarding the father the tax-dependency exemption for those children was void.[1] Such a determination is not “‘“a mistake mechanical in nature which does not involve a legal decision or judgment.” ’ ” Ex parte Brown, 963 So.2d at 607 (quoting Higgins v. Higgins, 952 So.2d 1144, 1147 (Ala.Civ.App.2006), quoting in turn Ex parte Continental Oil Co., 370 So.2d 953, 955 (Ala.1979)) (Torbert, C.J., concurring specially). It is instead a reconsideration of the trial court’s power to enter the original judgment, and, thus, it does not amount to “a correction of the original judgment to reflect the original intention of the trial court.” Bergen-Patterson, Inc. v. Naylor, 701 So.2d 826, 829 (Ala.Civ.App.1997). “[I]f the mistake involves an exercise of judicial discretion or judgment, any correction is beyond the purview of rule 60(a).... ” Michael v. Michael, 454 So.2d 1035, 1037 (Ala.Civ.App.1984). The trial court’s Rule 60(a) order, insofar as it modified the August 2015 modification judgment to delete the award of the dependency exemption for the parties’ adult children to the father, was entered outside its authority to correct clerical errors under Rule 60(a) and, thus, can have no effect.
However, we are not convinced that the trial court improperly reviewed the August 2015 modification judgment for a second time insofar as the Rule 60(a) order corrected the date on which the father’s child support was retroactively modified. The Rule 60(a) order states that the August 2015 modification judgment is “incorrect due to clerical oversight,” and it corrects both the date on which the father’s child-support obligation is deemed to have been modified from July 2014 to October 2014 and the calculation of the amount of child support the father had overpaid as a result of the retroactive modification of his child-support obligation. We have permitted changes to child-support obligations under Rule 60(a), see Michael, 454 So.2d at 1037, and it is beyond question that “[a]n error in calculation is a clerical mistake as contemplated by Rule 60(a), Ala. R. Civ. P.” Bergeiu-Patterson, Inc., 701 So.2d at 828. Furthermore, “[w]hen the correction of such errors *967 through Rule 60(a) is based upon the recollection of the court, it is not subject to contest.” Antepenko v. Antepenko, 584 So.2d 886, 838 (Ala.Civ.App.1991). The trial court stated that the error in the date contained in the August 2015 modification judgment was a clerical error, and we have nothing in the materials before us that would support a conclusion otherwise. Thus, we conclude that the portion of the Rule 60(a) order correcting the month in which the father’s child-support obligation was retroactively modified and correcting the resulting calculations was a proper exercise of the trial court’s discretion under Rule 60(a).
Accordingly, we grant the father’s petition in part, and we order the trial court to set aside the Rule 60(a) order insofar as it altered the award to the father of the dependency exemption for all the children and to reinstate that aspect the August 2015 modification judgment. However, insofar as the father challenges the trial court’s correction of the month in which the father’s child-support obligation was retroactively modified and the resulting calculations, we deny his petition.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. We note that, in her postjudgment motion, the mother indicated that the parties’ adult children were of college age and that she was entitled to claim those children on her tax return; thus, we assume that, in fact, the adult children of the parties may still be claimed as dependents. See 26 U.S.C. § 152(c)(3)(a)(ii) (indicating that a student under the age of 24 may be claimed as a dependent). We held in Sosebee v. Sosebee, 896 So.2d 557, 563 (Ala.Civ.App.2004), that "the right to claim a child as a tax exemption would continue to be modifiable as long as the right to claim the exemption existed,” Thus, the trial court did not lack subject-matter jurisdiction over the award of the exemption relating to the adult children of the parties.